'THIS OPINION IS CITABLE
AS PRECEDENT OF
THE T.T.A.B.

4-14-98
mot to dismiss granted
pub'd

UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Trademark Trial and Appeal Board
2900 Crystal Drive
Arlington, Virginia 22202-3513

HRW

**MAILED**

**APR 1 4 1998**

**PAT. & T.M. OFFICE**

Cancellation No. 26,657

The Wellcome Foundation
Limited

v.

Merck & Co., Inc.

Before Quinn, Hairston and Walters, Administrative Trademark
Judges.

By the Board:

Petitioner has filed a petition to cancel or to amend
Registration No. 1,619,246, which issued on the Supplemental
Register on October 23, 1990, for the mark



which is described as "an irregular shield-shaped tablet".
Petitioner alleges that petitioner has filed an application
for a design mark for a pharmaceutical tablet of hexagonal
shape; that respondent's registration has been cited against
petitioner's mark under Section 2(d); that, based on
communications with the Examining Attorney, petitioner
believes that respondent's registration is defective and

should be amended or cancelled in that the drawing does not comply with present requirements for three-dimensional marks, namely, that the mark be depicted in a single rendition, and the description is ambiguous and overly broad and fails to concisely describe respondent's mark; and that, because of these defects, petitioner and others have been precluded from registering otherwise registrable multi-sided tablet designs.

Respondent filed, on November 14, 1997, a motion to dismiss under FRCP 12(b)(6), on the ground that petitioner has failed to state a claim upon which relief may be granted.[1] Respondent argues that its registration is not defective, since the drawing and description were found to be acceptable under the Office practice in effect at the time of registration. Respondent submits copies of other registrations in which the drawing consists of two separate two-dimensional views of tablets to support its argument.[-]

[1] A motion under FRCP 12(b)(6) should be filed prior to, or concurrently with, the answer. Since, however, petitioner has responded in full to respondent's motion, filed three weeks after its answer, the timeliness of the motion is considered to be waived. Moreover, under FRCP 12(h)(2), the defense of failure to state a claim upon which relief may be granted may be raised at a later stage by other means, including a motion for judgment on the pleadings, which would be timely under the present circumstances

[-] Under FRCP 12(b), if matters outside the pleadings are submitted as part of a motion under 12(b)(6) or 12(c), and are not excluded by the court, the motion shall be treated as one for summary judgment and disposed of in accordance with Rule 56. In the present case, the Board finds no need to take the third-party registrations under consideration and thus treatment of the motion as one for summary judgment is not required

Petitioner, in its response to the motion, argues that the issue is not whether the registration was improperly granted, but whether the registration is presently vulnerable to cancellation because its non-compliance with current rules has resulted in a final refusal for petitioner's design mark, in view of the "verbal description" of respondent's mark. Petitioner states that its application for a six-sided shield-shaped tablet design has been refused registration because it could be considered "an irregular shield-shaped tablet" and argues that if respondent's description of its mark were more accurate and concise, as presently required, petitioner's mark would be allowed to be registered. Petitioner compares respondent's description with the accepted identification in prior registrations of goods as "computer software", as opposed to current requirements for greater specificity, and notes that such registrations can now become subject to cancellation.

Petitioner further argues that respondent's mark is not being used in all ways encompassed by the written description, i e. an "irregular shield-shaped tablet." Since respondent refuses to voluntarily amend its description, petitioner maintains the registration is subject to cancellation or at least amendment to limit respondent to its mark as actually used, i.e., a four-sided shield-shaped tablet with certain relative proportions.

Respondent has filed a reply, contending that petitioner's arguments would open the floodgates to applicants seeking cancellation of registrations cited against their applications which do not comply with current requirements.  In its own case, respondent maintains that the drawing in its registration clearly shows the tablet claimed, for purposes of determining similarity with other applications.

While petitioner has not specifically referred to Section 18 of the Trademark Act, it is under this provision that the Board has the authority to cancel registrations in whole or in part, to restrict the goods or services identified therein, or to "otherwise restrict or rectify the registration of a registered mark".  Any restriction or clarification of the description of a mark in a registration would fall under this provision.

The Board held in Eurostar, Inc. v. "Euro-Star" Reitmoden GmbH & Co. KG, 43 USPQ2d 1266 (TTAB 1994) that this power to limit a registration will only be exercised when such partial cancellation or restriction will avoid the finding of likelihood of confusion.  Thus, in order to seek a limitation of an existing registration, a party must plead and prove (1) that the registrant is not using its mark on goods or services that would be excluded by the limitation,

4

and (2) that the limitation would result in the avoidance of a finding of likelihood of confusion.

Petitioner has set forth allegations that the description of the mark in respondent's registration is overly broad and not specific to the number of sides and relative lengths of the tablet actually used by respondent and that this ambiguous description has resulted in the refusal (on the ground of likelihood of confusion) of applications for registration of other multi-sided tablets, including the one filed by petitioner. While it is the description of the mark, rather than the recitation of the goods, which is being challenged, the alleged ambiguity would result in an expanded scope of the tablet shapes (or goods) covered by the registration. Thus, petitioner has made the necessary allegations for the restriction or rectification under Section 18 of respondent's description of its mark, if proven.

Looking to respondent's registration as a whole, however, we cannot conceive how the mark covered by the registration can be interpreted to encompass anything other than a four-sided shield-shaped tablet of the proportions shown in the drawing. Contrary to petitioner's argument, this is not a situation similar to those registrations in which the goods are simply identified as "computer software" and there is nothing else on the face of the registration

to indicate the specific scope of the goods. Here the mark covered by the registration is apparent from the drawing per se and the proposed amendment of the description of the mark would make no substantial change or restriction of the mark as reasonably perceived.[3] Thus, the present description of the mark provides no basis for even a partial cancellation or limitation of respondent's registration. To the extent that Registration No. 1,619,246 may be cited under Section 2(d) as a bar to future applications, this decision will serve to reiterate that the mark of said registration should be viewed from the drawing (which shows a four-sided shield-shaped tablet) and not from the arguably broader description ("an irregular shield-shaped tablet").

Insofar as the alleged defectiveness of respondent's registration because it does not conform with present requirements for a three-dimensional drawing is concerned, we find no statutory basis whatsoever for cancellation of a registration which conforms with the drawing requirements in effect at the time of issuance, but not later-adopted requirements.[4] There is no statutory obligation for a registrant to update its drawings to comply with subsequent

[3] As stated in TMEP § 808, a mark's meaning is based on the impression created by the mark itself in the minds of consumers and an explanatory statement in the registration cannot be used to restrict (or expand) the likely public perception of a mark.

[4] The application for the involved registration was filed on April 14, 1989, whereas Trademark Rule 2.51 was not amended to

6

Office requirements; the only updating even contemplated by the Rules of Practice is to amend a drawing to conform with the mark presently in use. See Trademark Rule 2.173.

Accordingly, petitioner has failed to set forth a claim upon which relief may be granted. Respondent's motion is granted. The petition to cancel is dismissed with prejudice.

T. J. Quinn

P. T. Hairston

C. E. Walters
Administrative Trademark Judges,
Trademark Trial and Appeal Board

require that three-dimensional features be depicted in perspective in a single rendition until September 11, 1989